### JACOB FRYE, et al., v. L. R. SANDERS.

EXPRESS CONTRACT MADE BY ONE PARTNER OF FIRM, *When Not to be Ignored.* Plaintiffs were dealing in cattle as commission merchants. One member of the firm, without the knowledge of his partners, made a contract with defendant in the name of the firm by which the firm was to advance money, the defendant purchase and ship cattle to plaintiffs, to be sold by them without commission, and the profits divided. Under that contract defendant bought and shipped cattle. The transactions resulted in loss. No settlement was had between the defendant and the firm, or the contracting member thereof, upon the basis of the contract or otherwise. *Held,* That the firm could not, ignoring the express contract, maintain an action against the defendant as an ordinary shipper upon an implied contract to pay commissions.

#### Error from Doniphan District Court.

ACTION brought by *Frye*, and three others, partners, as *Frye, Warner, Kelly & Co.* against *Sanders* for the sum of $1,188.16, balance alleged to be due on an account. Find-

ings and judgment in favor of defendant, at the March Term, 1877, of the district court, and plaintiffs bring the case here. A sufficient statement of the facts is contained in the subjoined opinion.

*W. D. Webb,* and *W. H. Campbell,* for plaintiffs in error:

The answer alleges that the defendant was a partner with the above-named firm. The court finds to the contrary. That was all the court was called upon to decide on the subject of partnership. When that was found in our favor, then, *if our account was correct, we should have had judgment.* This firm could not be made a partner with Sanders without the consent of all the members of such firm. (Story on Partnership, § 5; *Channel v. Fassitt,* 16 Ohio, 166; *Freeman v. Bloomfield,* 43 Mo. 391; *Maclay v. Freeman,* 48 Mo. 234.)

A partner, so far as he acts for himself, is a principal, but so far as he acts for his copartners, is an agent only. (Story on Partnership, §§ 1, 101, 102; Story on Agency, §§ 124, 125, 126; 3 Kent's Com., § 43; *Central City Savings Bank v. Walker,* 66 N. Y. 424; *Alexander v. State,* 56 Ga. 478.)

If the partner or agent exceeds his actual or apparent authority, such act in excess of such authority does not bind his principal or his firm. Story on Agency, §§ 126, 165, 172; 3 Kent's Com. (marginal paging), 42, 43; *Payne v. Potter,* 9 Iowa, 549. See, also, authorities cited next above.

*Price & Heatley,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: Plaintiffs alleged that they were partners, engaged in the business of commission merchants in Chicago; that defendant shipped cattle to them, which they sold on commission, and that out of these transactions a balance was still due them. Defendant answered, denying any indebtedness, and claiming a special partnership with plaintiffs, alleging that he shipped the cattle under an agreement that

plaintiffs should charge no commissions; should advance money to defendant with which he should buy cattle and ship to plaintiffs, and that the profits and losses should be divided; and loss resulted, and that plaintiffs were indebted to him, instead of him to plaintiffs. The testimony showed that defendant made such a contract with Jacob Frye, one of the partners plaintiffs; that the other partners knew nothing of it, and supposed the cattle were shipped to them in the ordinary line of their business as commission merchants. The court found that such contract with one partner, without the knowledge of the others, was a fraud upon them, and did not as to these transactions constitute defendant a partner with plaintiffs, and that therefore he could recover nothing of them; and, on the other hand, that as these cattle were shipped to the firm under the special contract with one member thereof, the firm as a firm could not ignore the contract and recover of the defendant as though he were an ordinary shipper. Plaintiffs alleged exceptions. They say that one partner in a firm cannot, without the consent of his copartners, introduce a new member into the firm; that therefore this alleged special partnership agreement between Sanders and Frye was void as to them, and being void, the law implies a valid contract between them as commission merchants and Sanders a shipper. We think the exceptions of the plaintiffs must be overruled. We agree with the proposition that one partner cannot introduce a new member into the firm without the consent of his partners. But this does not deprive a partner of the power to bind his firm to receive compensation for their services in any particular transaction upon the basis of a share in the profits of that transaction; providing always that the transaction was one within the scope of the ordinary business of the firm. It appears from the testimony that when plaintiffs' firm consisted of but two members (half its present number), defendant and his then partner made a similar contract with them, shipped cattle, and settled upon the basis of such contract. It also appears from some of the testimony that plaintiffs were live-stock and commission merchants.

This description would be broad enough to include dealing in cattle otherwise than upon commission, the buying and selling on their own account; and in such case the contract found by the court to have been made, was one within the apparent powers of one partner. It would be simply the employment of defendant to purchase cattle, with a promise of half the profits as a compensation for his services, or a contract determining the price to be paid him for the cattle he might purchase and ship. Either way it would be as binding upon the firm as a promise by one partner to pay so much a head for the cattle. But taking the case upon the theory that plaintiffs were engaged simply in the commission business, and still we think the judgment of the district court must be sustained. A contract for the absolute purchase of cattle might not be within the scope of the firm's business, but would a contract for the division of profits in lieu of commission be so far outside such business as to be *ultra vires* of a simple partner? If the profits had been large, could the shipper have repudiated the contract and recovered of the firm the total proceeds of the cattle, less the ordinary commission? or would not the courts have been compelled to say that this was merely one method of determining the commission, a subject-matter of contract within the power of each partner? But going still further, and conceding that the contract was *ultra vires* and not binding upon the firm, still the cattle were shipped under said contract. It was an express and an executed contract. It was unquestionably valid as between Frye and defendant. It was a joint venture of those two. They shared the profits and were liable for losses. They were partners in it. Can one firm sue another when the same person is a member of each firm? Under the old practice they could not at law, (Parsons on Partnership, p. 288, and following,) though in equity and for accounting an action would lie. Perhaps under the code, and where a simple debt is due from one firm to the other, an action to recover it will lie without any resort to an accounting. (*Gibson v. O. F. Co.*, 2 Disney, 499.)

But where dealings are had by a party with a firm under an express contract with one member thereof in the name of the firm, which contract creates a partnership in such dealings between the party and the contracting member of the firm, and when completed leaves unsettled accounts between said parties, the firm cannot in its name as a firm, repudiating the express contract as beyond the power of the contracting member to bind the firm, bring an action against such party as upon an implied contract with the firm. The case is one which calls for an accounting, and until that accounting is had, no mere action to recover money will lie. *Non constat* but that the contracting member represents the actual capital of the firm and the others are but nominal partners. May he use the firm-name to repudiate his own contract? Perhaps, on settlement, his own liability to the third party upon the express contract would exceed any possible liability to the firm from the third party upon any supposed implied contract. Ought such third party to suffer the annoyance and risks of a judgment? Will the law ever imply a contract where there was in fact an express contract? (*Perry v. Bailey*, 12 Kas. 539.) The shipment was made under a contract valid and binding upon the shipper and Frye. Frye's partners may repudiate any liability thereunder. But can they bind the shipper to a contract he did not make in lieu of one he did make?

We see no error in the ruling of the district court, and the judgment must be affirmed.

All the Justices concurring.

*Express contract made by one of firm, when not to be ignored.*